**UNITED STATES DISTRICT COURT**

**DISTRICT OF NEVADA**

| | |
|---|---|
| GERALDINE KIRK-HUGHES, | ) |
| Plaintiff, | ) Case No. 2:16-cv-02381-GMN-GWF |
| vs. | ) **ORDER** |
| STATE BAR OF NEVADA, *et al.*, | ) |
| Defendants. | ) |

This matter is before the Court on Defendants' Motion to Stay Discovery (ECF No. 30), filed on March 9, 2017. To date, Plaintiff has not filed an opposition to this motion and the time for opposition has now expired.[1]

**BACKGROUND**

Plaintiff filed an Amended Complaint on January 6, 2017. *Amended Complaint* (ECF No. 11). The Amended Complaint asserts causes of action for equal protection and due process, violation of financial right to privacy– 12 U.S.C. 3405 and NRS 239A, disparate treatment under Title VII, RICO violations–18 U.S.C. 1962(b) and (c), intentional interference with prospective economic advantage, intentional interference with contractual relations, negligence, injunctive relief, and failure to adequately train, supervise, discipline and/or screen. *See id.* Defendants David Clark and the State Bar of Nevada filed a Motion to Dismiss (ECF No. 20) on January 30, 2017. Plaintiff filed a Response (ECF No. 28) on February 27, 2017 and Defendants filed a Reply (ECF No. 29) on March 6, 2017. Defendants' Motion to Dismiss seeks dismissal of Plaintiff's Amended Complaint on the grounds that the Court lacks jurisdiction over Plaintiff's claims under the *Rooker-Feldman* doctrine,

---

[1] Pursuant to Local Rule 47-3, "[t]he failure of an opposing party to include points and authorities in response to any motion constitutes a consent to granting the motion."

1  that Plaintiff's claims are barred by the Eleventh Amendment and by absolute immunity under
2  Nevada Supreme Court Rule 106, and that this Court should abstain from considering Plaintiff's case
3  under the *Younger* doctrine. *Motion to Dismiss* (ECF No. 20), pgs. 7-14. In addition, Defendants'
4  Motion to Dismiss argues that notwithstanding the jurisdictional issues raised, Plaintiff's claims are
5  also substantially defective. *Id.* at pgs. 14-21. Because Defendants' Motion to Dismiss is potentially
6  dispositive of the entire case, Defendants argue that discovery in this matter should be stayed pending
7  the resolution of its motion. This stay would relieve the parties of incurring the potentially
8  unnecessary expenses of discovery should the District Court grant the Motion to Dismiss.

## DISCUSSION

The Federal Rules of Civil Procedure do not provide for automatic or blanket stays of discovery when a potentially dispositive motion is pending. *See Skellerup Indus. Ltd. V. City of L.A.*, 163 F.R.D. 598, 600-1 (C.D. Cal. 1995). Ordinarily, a dispositive motion does not warrant a stay of discovery. *See Twin City Fire Insurance v. Employers of Wausau*, 124 F.R.D. 652, 653 (D. Nev. 1989). *See also Turner Broadcasting System, Inc. v. Tracinda Corp.*, 175 F.R.D. 554, 556 (D. Nev. 1997). The moving party carries the heavy burden of making a strong showing of why discovery should be denied. *Kor Media Group, LLC v. Green*, 294 F .R.D. 579, 581 (D. Nev. 2013).

Courts have broad discretionary power to control discovery. *See Little v. City of Seattle*, 863 F.2d 681, 685 (9th Cir.1988). When deciding whether to grant a stay of discovery, the Court is guided by the objectives of Fed. R. Civ. P. 1 that ensures a "just, speedy, and inexpensive determination of every action." *Kor Media Group*, 294 F.R.D. at 581. It is well known that the purpose of Fed. R. Civ. P. 12(b)(6) is to enable defendants to challenge the legal sufficiency of a complaint without subjecting themselves to discovery. *Tradebay, LLC v. eBay, Inc.*, 278 F.R.D. 597, 601 (D. Nev. 2011). To establish good cause for a stay, the moving party must show more than an apparently meritorious Rule 12(b)(6) motion. *Turner Broadcasting System*, 175 F.R.D. at 556.

The Court may grant a motion to stay discovery when "(1) the pending motion is potentially dispositive; (2) the potentially dispositive motion can be decided without additional discovery; and (3) the Court has taken a "preliminary peek" at the merits of the potentially dispositive motion and is convinced that the plaintiff will be unable to state a claim for relief." *Kor Media Group*, 294 F.R.D.

1  at 581.  Common examples of when a stay is warranted are cases involving jurisdiction, venue, or
2  immunity as preliminary issues.  *Twin City Fire Ins. Co.*, 124 F.R.D. at 653.  Furthermore, a stay of
3  discovery might be appropriate where the complaint was utterly frivolous, or filed merely for
4  settlement value.  4 J. Moore, *Federal Practice* § 26.70[2], at 461.

5       Having reviewed Plaintiff's Complaint and the briefs on the motion to dismiss, the Court
6  finds that a stay of discovery is appropriate here. Defendants' primary arguments in their Motion to
7  Dismiss is that this Court lacks jurisdiction over Plaintiff's claims based on the *Rooker-Feldman*
8  doctrine, the Eleventh Amendment and Nevada Supreme Court Rule 106.  Based on the Court's
9  "preliminary peek," these arguments are well taken and appear to be meritorious.  Discovery would
10 therefore serve no purpose until the District Court has determined whether the Court has jurisdiction
11 over this case.  Moreover, Plaintiff failed to oppose Defendants' motion and as a result consents to
12 the granting of the motion pursuant to Local Rule 47-3.  Accordingly,

13      **IT IS HEREBY ORDERED** that Defendants' Motion to Stay Discovery (ECF No. 30) is
14 **granted**.

15      DATED this 28th day of March, 2017.

                                              _____
GEORGE FOLEY, JR.
United States Magistrate Judge