UNITED STATES DISTRICT COURT

DISTRICT OF NEVADA

* * *

| | |
|---|---|
| GERALDINE KIRK-HUGHES,<br><br>Plaintiff(s),<br><br>v.<br><br>STATE BAR OF NEVADA, et al.,<br><br>Defendant(s). | Case No. 2:16-CV-2381 JCM (GWF)<br><br>ORDER |

Presently before the court is the State Bar of Nevada ("Bar") and David A. Clark's ("Clark") motion to dismiss. (ECF No. 20). Stanley Hunterton ("Hunterton") joined the Bar and Clark's (collectively "defendants") motion to dismiss on February 10, 2017. (EFC No. 25). Geraldine Kirk-Hughes ("plaintiff") filed a response (ECF No. 28), to which defendants replied (ECF No. 29).

**I.     Facts**

This case involves plaintiff's pending appeal to the Supreme Court of Nevada in response to the Southern Nevada Disciplinary Board's recommended six-year suspension, and her concurrent claims filed in federal court. (ECF Nos. 11, 20-4).

On August 2, 2013, the Bar submitted an amended complaint against plaintiff, an attorney admitted to the Nevada Bar on December 3, 1987, for two alleged counts of misconduct that warranted the "imposition of professional discipline." (ECF No. 20-1 at 2–3). The Bar's two counts against plaintiff claimed that: (1) plaintiff, up to December 1, 2010, "had stolen $598,282 of [Joseph] Keane's money" placed in plaintiff's trust fund account for safekeeping; and (2) plaintiff had misappropriated $69,355.38 of $121,636.68 awarded to Charles Walker following a wrongful foreclosure action, which plaintiff held in trust. (*Id.* at 9–10).

**James C. Mahan**
**U.S. District Judge**

On August 14, 2013, the Bar submitted an additional complaint against plaintiff, which alleged that she had failed to pay four medical liens on behalf of Mark Jaget. (ECF No. 20-2). Summons for all three allegations were issued "in and about . . . May and June, 2015," and plaintiff's "[d]isciplinary [h]earing was concluded on July 25, 2015." (ECF No. 11 at 12). The Southern Nevada Disciplinary Board's formal hearing panel recommended, based on the facts presented, that plaintiff's conduct "warranted at least a significant suspension," and "voted for a suspension of six (6) years" as an appropriate sanction. (ECF No. 20-3 at 36). The panel issued its findings of fact, conclusions of law and recommendation on January 14, 2016. (ECF No. 20-4).

On appeal, plaintiff submitted an opening brief to the Supreme Court of Nevada on August 10, 2016, which claimed that the Bar had violated a number of constitutional rights in pursuant to the Fourth, Fifth, Sixth, and Fourteenth Amendments, along with a "disparity of treatment" based on her race. (*Id.* at 51).

On October 12, 2016, plaintiff filed her original complaint in this court (ECF No. 1), which was amended on January 6, 2017, (ECF No. 11). Plaintiff seeks claims of relief pursuant to: (1) equal protection and due process, specifically regarding the Fourth, Sixth, and Fourteenth Amendments; (2) 12 U.S.C. § 3405 as to obtaining financial records; (3) Nevada Revised Statute ("NRS") § 239A as to disclosing financial records to government agencies; (4) 42 U.S.C. § 2000e ("Title VII"); (5) 18 U.S.C. § 1962(b) as to control of an enterprise engaged in a pattern of racketeering; (6) 18 U.S.C. § 1962(c) as to being employed by an enterprise engaged in a pattern of racketeering; (7) "intentional interference with prospective economic advantage"; (8) "intentional interference with contractual relations"; (9) negligence; and (10) "failure to adequately train, supervise, discipline, and/or screen." (ECF No. 11 at 11–30). Plaintiff also seeks injunctive relief. (*Id.*).

**II. Legal Standard**

The court may dismiss a plaintiff's complaint for "failure to state a claim upon which relief can be granted." Fed. R. Civ. P. 12(b)(6). A properly pled complaint must provide "[a] short and plain statement of the claim showing that the pleader is entitled to relief." Fed. R. Civ. P. 8(a)(2).

**James C. Mahan**
**U.S. District Judge**

- 2 -

Although rule 8 does not require detailed factual allegations, it does require more than labels and conclusions. *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 555 (2007). Furthermore, a formulaic recitation of the elements of a cause of action will not suffice. *Ashcroft v. Iqbal*, 556 U.S. 662, 677 (2009) (citation omitted). Rule 8 does not unlock the doors of discovery for a plaintiff armed with nothing more than conclusions. *Id.* at 678–79.

To survive a motion to dismiss, a complaint must contain sufficient factual matter to "state a claim to relief that is plausible on its face." *Id.* A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged. *Id.* When a complaint pleads facts that are merely consistent with a defendant's liability, and shows only a mere possibility of entitlement, the complaint does not meet the requirements to show plausibility of entitlement to relief. *Id.*

In *Iqbal,* the Supreme Court clarified the two-step approach district courts are to apply when considering a motion to dismiss. *Id.* First, the court must accept as true all of the allegations contained in a complaint. However, this requirement is inapplicable to legal conclusions. *Id.* Second, only a complaint that states a plausible claim for relief survives a motion to dismiss. *Id.* at 678. Where the complaint does not permit the court to infer more than the mere possibility of misconduct, the complaint has "alleged – but not shown – that the pleader is entitled to relief." *Id.* at 679. When the allegations in a complaint have not crossed the line from conceivable to plausible, plaintiff's claim must be dismissed. *Twombly*, 550 U.S. at 570.

The Ninth Circuit addressed post-*Iqbal* pleading standards in *Starr v. Baca*, 652 F.3d 1202, 1216 (9th Cir. 2011). The *Starr* court held:

> First, to be entitled to the presumption of truth, allegations in a complaint or counterclaim may not simply recite the elements of a cause of action, but must contain sufficient allegations of underlying facts to give fair notice and to enable the opposing party to defend itself effectively. Second, the factual allegations that are taken as true must plausibly suggest an entitlement to relief, such that it is not unfair to require the opposing party to be subjected to the expense of discovery and continued litigation.

*Id.*

. . .

. . .

## III. Discussion

### A. *Fourth, Sixth, and Fourteenth Amendments and Title VII*

Plaintiff alleges that defendants violated her rights under the Fourth, Sixth, and Fourteenth Amendments, as well as under Title VII. (ECF No. 11). In her motion on appeal submitted to the Supreme Court of Nevada, plaintiff alleged that these same rights had been violated. (ECF No. 20-4 at 16, 24, 46, 51). Defendants argue that all of plaintiff's claims should be dismissed pursuant to the *Younger* abstention doctrine. (ECF No. 20 at 7).

Under *Younger*, federal courts have adopted a "strong federal policy against federal-court interference with pending state judicial proceedings . . . ." *Middlesex Cnty. Ethics Comm. v. Garden State Bar Ass'n*, 457 U.S. 423, 431 (1982). "The policies underlying *Younger* are fully applicable to noncriminal judicial proceedings when important state interests are involved." *Id.* If there are "disciplinary proceedings" brought in court, they are considered "judicial in character." *Hirsh v. Justices of the Supreme Court*, 67 F.3d 708, 712 (9th Cir. 1995). To determine whether *Younger* abstention applies in a case, a court should consider the following four elements:

> (1) a state-initiated proceeding is ongoing; (2) the proceeding implicates important state interests; (3) the federal plaintiff is not barred from litigating federal constitutional issues in the state proceeding; and (4) the federal court action would enjoin the proceeding or have the practical effect of doing so, i.e., would interfere with the state proceeding in a way that *Younger* disapproves.

*San Jose Silicon Valley Chamber of Commerce Political Action Comm. v. City of San Jose*, 546 F.3d 1087, 1092 (9th Cir. 2008); *see also Logan v. U.S. Bank N.A.*, 722 F.3d 1163, 1167 (9th Cir. 2013).

Conducting the *Younger* analysis, the court concludes that abstention is warranted.

First, plaintiff, in response to the Bar's disciplinary panel recommending a six-year suspension, appealed the panel's decision to Nevada's Supreme Court. (ECF No. 20-4). Thus, given that there is no indication that the Nevada Supreme Court has yet to make any determination in regards to the merit of plaintiff's appeal, the matter appears to still be pending. *See* (ECF Nos. 20-4, 20-5).

James C. Mahan
U.S. District Judge

- 4 -

Second, "states traditionally have exercised extensive control over the professional conduct of attorneys" and "[have] an extremely important interest in maintaining and assuring the professional conduct of the attorneys it licenses." *Middlesex*, 457 U.S. at 432–33.

Third, plaintiff is not barred from bringing federal constitutional issues in state court because she filed claims pursuant to her Fourth, Sixth, and Fourteenth Amendment constitutional rights, as is indicated in her appeal to the Nevada Supreme Court.

Fourth, plaintiff's requested relief would "enjoin the proceeding or have the practical effect of doing so . . . ." *City of San Jose*, 546 F.3d at 1092. Plaintiff filed the same claims alleging constitutional violations in this court as she did in her appeal to the Nevada Supreme Court. (ECF No. 20-4). Thus, if this court were to rule on plaintiff's claims pursuant to her constitutional rights, it would inevitably interfere with the proceedings in state court. (ECF No. 20-4 at 16, 24, 46, 51).

Though defendants argue that all of plaintiff's claims should be dismissed pursuant to the *Younger* abstention doctrine, this court will refrain from adjudicating plaintiff's claims as to violations of her Fourth, Sixth, and Fourteenth Amendment constitutional rights, as well as Title VII, because they are the only claims pending in the Nevada Supreme Court. (ECF No. 20-4). Accordingly, the court dismisses these claims.

### B. *Remaining federal claims*

Plaintiff additionally filed claims against defendants—the Bar; Clark, individually; and Hunterton, individually and in his capacity as bar counsel—pursuant to 12 U.S.C. § 3405 as to obtaining financial records and 18 U.S.C. § 1962 (b) and (c) in regards to racketeering activity. (ECF No. 11 at 14, 20, 22). Defendants argue that all of plaintiff's claims should be barred by Eleventh Amendment immunity. (ECF No. 20 at 12–13). The court agrees, in part.

"[U]nder the eleventh amendment a state or its agencies cannot be sued in federal court without its consent." *O'Connor v. State of Nev.*, 686 F.2d 749, 750 (9th Cir. 1982). The state of Nevada has expressly refused to generally waive its immunity provided by the Eleventh Amendment. Nev. Rev. Stat. § 41.031(3). "[T]he State Bar of Nevada . . . . [i]s the investigative arm of the Supreme Court of Nevada . . . and as such an agency, it too is immune from suit in federal court under the eleventh amendment." *O'Connor*, 686 F.2d at 750. Additionally, "[a]n

official sued in his official capacity has the same immunity as the state, and is entitled to eleventh amendment immunity." *Pena v. Gardner*, 976 F.2d 469, 473 (9th Cir. 1992).

Here, plaintiff's claims in pursuance of violations of 12 U.S.C. § 3405 and 18 U.S.C. § 1962 (b) and (c), against the Bar and Hunterton "in his capacity as Bar Counsel of the State Bar of Nevada," are barred by Eleventh Amendment immunity. *See* (ECF No. 11); *O'Connor*, 686 F.2d at 750 (stating that the Bar is immune from being sued in federal court); *Pena*, 976 F.2d at 473 (stating that people sued in their official capacity enjoy the same immunity as the state). Thus, they cannot be adjudicated before the court and are dismissed.

However, plaintiff's claims against Hunterton and Clark in their individual capacities cannot be barred by Eleventh Amendment immunity because the Eleventh Amendment does not "bar claims against the state officials in their personal capacities." *Pena*, 976 F.2d at 472 (emphasis omitted).

Though not barred from bringing suit by Eleventh Amendment immunity, plaintiff is still barred from bringing a suit against defendants pursuant to 12 U.S.C. § 3405. Plaintiff claimed, in accordance with § 3405, that defendants violated her financial right to privacy when they "cause[d] [her] banking records and/or other financial documents, records, statements or the like to be unlawfully obtained . . . ." (ECF No. 11 at 14). Section 3405's scope is limited to "government authorit[ies]," which are "any agency or department of the United States, or any officer, employee, or agent thereof." 12 U.S.C. § 3401(3). Clark and Hunterton, in their individual capacities, are not "officer[s], employee[s], or agent[s]" and do not qualify as government authorities in accordance to the definition specified in 12 U.S.C. § 3401(3), which is necessary to fall under the scope of 12 U.S.C. § 3405. Accordingly, plaintiff's claim pursuant to 12 U.S.C. § 3405 against all defendants is dismissed.

Plaintiff additionally brought claims against Clark and Hunterton, in their individual capacities, pursuant to 18 U.S.C. §1962(b) and (c), the Racketeer Influenced and Corrupt Organization Act ("RICO"). (ECF No. 11). "RICO authorizes any person injured in his business or property by reason of a violation of section 1962" resulting from a pattern of racketeering activity "to sue for treble damages in federal court." *Holmes v. Sec. Inv'r Prot. Corp.*, 503 U.S.

258, 278 (1992) (citations omitted). A pattern of racketeering activity "requires at least two acts of racketeering activity . . . the last of which occurred within ten years . . . after the commission of a prior act of racketeering activity." 18 U.S.C. §1961(5).

Plaintiff's complaint fails to provide a "short and plain statement of the claim showing that [she] is entitled to relief." *See* Fed. R. Civ. P. 8(a)(2). Rather, in her fifth and sixth claims of relief, plaintiff has restated conclusory elements of a claim for a relief as specified in 18 U.S.C. § 1962(b) and (c) without providing any substantive and supportive facts. Allegations supporting her fifth claim of relief pursuant to U.S.C. § 1962(b) are as follows:

> 63. During the ten (10) calendar years preceding January 1, 2016, all Defendants did cooperate jointly and severally in the commission of two (2) or more of the RICO predicate acts that are itemized in the RICO laws at 18 U.S.C 1962.
> 62. Plaintiff further alleges that all Defendants did commit two (2) or more of the offenses so itemized in such a manner which they intentionally calculated and premediated so that their respective racketeering activities would be a continuing threat to Plaintiff, also in violation of the RICO law at 18 U.S.C. 1962 (b).
> . . . .
> 67. The conduct of Defendants as herein alleged was willful, oppressive, malicious and done with a wanton and reckless disregard for the rights of Plaintiff hereby warranting the imposition of punitive damages in an amount to be proven at Trial.

(ECF No. 11 at 20–21). Plaintiff's allegations in her sixth claim of relief pursuant to U.S.C. § 1962(c) are analogous to those which are alleged in the fifth. (*Id.* at 22-23).

A "formulaic recitation of the elements of a cause of action will not suffice." *Ashcroft v. Iqbal*, 556 U.S. 662, 677 (2009) (citation omitted). Thus, plaintiff's claims against all defendants in accordance with 18 U.S.C. § 1962(b) and (c) are dismissed.

**C.** *State law claims*

Under 28 U.S.C. § 1367, district courts "may decline to exercise supplemental jurisdiction over [related claims] if . . . the district court has dismissed all claims over which it has original jurisdiction." 28 U.S.C. § 1367(c)(3).

Because the court has resolved the federal claims, and they are the only claims over which the court has original jurisdiction, the court declines to exercise supplemental jurisdiction over plaintiffs' remaining state law claims. *See, e.g.*, *Wade v. Reg'l Credit Ass'n*, 87 F.3d 1098, 1101 (9th Cir. 1996) (holding that "where a district court dismisses a federal claim, leaving only state claims for resolution, it should decline jurisdiction over the state claims and dismiss them without

prejudice"); *see also Zelaya v. Cty. of Los Angeles*, 628 F. App'x 535, 537 (9th Cir. 2016) (instructing that a district court could consider dismissal pursuant to 28 U.S.C. § 1367(c)(3) after resolving federal claims through summary judgment). As mentioned above, "[s]tates traditionally have exercised extensive control over the professional conduct of attorneys." *Middlesex*, 457 U.S. at 432–33.

Thus, the court will refrain from adjudicating the state claims in order to avert any potential interference with the pending appeal to the Supreme Court of Nevada. Accordingly, plaintiffs' remaining state law claims are dismissed.

### D. *Injunctive relief*

Finally, plaintiff filed a claim requesting injunctive relief. (ECF No. 11 at 28). The court follows the well-settled rule in that a claim for "injunctive relief" standing alone is not a cause of action. *See, e.g.*, *In re Wal–Mart Wage & Hour Emp't Practices Litig.*, 490 F. Supp. 2d 1091, 1130 (D. Nev. 2007); *Tillman v. Quality Loan Serv. Corp.*, No. 2:12-CV-346 JCM RJJ, 2012 WL 1279939, at *3 (D. Nev. Apr. 13, 2012) (finding that "injunctive relief is a remedy, not an independent cause of action"); *Jensen v. Quality Loan Serv. Corp.*, 702 F. Supp. 2d 1183, 1201 (E.D. Cal. 2010) ("A request for injunctive relief by itself does not state a cause of action.").

Accordingly, plaintiff's claim for injunctive relief is dismissed.

## IV. Conclusion

In sum, defendants' motion to dismiss will be granted, without prejudice, as to those claims brought pursuant to the Fourth, Sixth, and Fourteenth Amendments, Title VII, 18 U.S.C. 1962(b) and (c), and 12 U.S.C. § 3405. The court declines to exercise its supplemental jurisdiction over the remaining state law claims, and those remaining claims will also be dismissed without prejudice.

. . .

. . .

. . .

. . .

. . .

James C. Mahan
U.S. District Judge

- 8 -

Accordingly,

IT IS HEREBY ORDERED, ADJUDGED, and DECREED that defendants' motion to dismiss (ECF No. 20) be, and the same hereby is, GRANTED, without prejudice.

DATED June 8, 2017.

_____
UNITED STATES DISTRICT JUDGE